No. 21-13198-CC (*consolidated with* No. 21-12571-CC)

In the
# United States Court of Appeals
## for the Eleventh Circuit

---

DETRICH BATTLE,

*Plaintiff/Appellant,*

v.

GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*,

*Defendant/Appellee,*

&

HANCOCK STATE PRISON *et al.*,

*Defendants.*

---

On Appeal from the United States District Court for the
Middle District of Georgia, Macon Division
No. 5:20-cv-00063-MTT — Hon. Marc T. Treadwell, *Chief Judge*

---

**Reply Brief**

---

Howard W. Anderson III
John-Paul Baum
TRULUCK THOMASON, LLC
3 BOYCE AVE.
Greenville, SC 29601
T 864-331-1751
F 864-243-8115
howard@truluckthomason.com
johnpaul@truluckthomason.com

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify that the following persons and entities may have an interest in the outcome of this case:

Anderson, Howard W., III, Attorney for Plaintiff/Appellant

Barnes, Carey, Defendant Below

Battle, Detrich, Plaintiff/Appellant

Baum, John-Paul, Attorney for Plaintiff/Appellant

Carr, Chris, Attorney General, Attorney for Defendant/Appellee

Christopher M. Carr, Attorney General, Attorney for Defendant/Appellee

Clark, S. (Lt.), Defendant Below

Davis, Belinda, Defendant Below

Dixon, K. (Sgt.), Defendant Below

Foye, F/N/U (Lt.), Defendant Below

Georgia Department of Administrative Services, Insurer of Defendant/Appellee

Georgia Department of Corrections, Defendant/Appellee

Hancock State Prison, Defendant Below

Ingram, E. (Cpt.), Defendant Below

Ivey, George, Deputy Warden, Defendant Below

Koon, Jack, Deputy Director, Defendant Below

Lewis, Kimberly B., Sr. Asst. Attorney General, Attorney for Defendant/Appellee

Pearson, F. (Sgt.), Defendant Below

Petrany, Stephen, Solicitor General, Attorney for Defendant/Appellee

Sellers, E. (Warden), Defendant Below

Stoff, Katherine P., Sr. Asst. Attorney General, Attorney for Defendant/Appellee

Treadwell, Hon. Marc T., U.S. District Court Judge

Truluck Thomason, LLC, Law Firm for Plaintiff / Appellant

Waldbeser, Drew F., Deputy Solicitor General, Attorney for Defendant/Appellee

Watkins, Vera, Defendant Below

Webb, Bryan K., Deputy Attorney General, Attorney for Defendant/Appellee

s/Howard W. Anderson III

TABLE OF CONTENTS

Table of Citations ................................................................................ iv
Argument .............................................................................................. 1
   I.  Contrary to Appellee's position, Congress validly abrogated Title V of the ADA. ................................................................................. 1
   II.  If the Eleventh Amendment Applies, the Dismissal of the Federal Claim Must Be Only "Without Prejudice." ...................................... 4
   III. If the Eleventh Amendment Applies, the Dismissal of the State Claims Must Also Be "Without Prejudice." ................................... 5
Conclusion ............................................................................................. 6
Certificate of Compliance with Rule 32 ............................................... 8
Certificate of Service ............................................................................ 8

# Table of Citations

**Cases**

*Anderson v. Valdez*, 845 F.3d 580 (5th Cir. 2016) .................................... 2

*Dimaio v. Democratic Nat'l Comm.*, 520 F.3d 1299 (11th Cir. 2008) ...... 6

*Ins. Co. v. Dutcher*, 95 U.S. 269 (1877) ...................................................... 1

*Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229 (11th Cir. 2008)
.................................................................................................................... 5

(*) *Tennessee v. Lane*, 541 U.S. 509, 527 (2004) .................................. 2, 3

*United States v. Georgia*, 546 U.S. 151 (2006) .......................................... 3

**Statutes**

42 U.S.C. § 1201 .......................................................................................... 1

Americans with Disabilities Act of 1990 ("ADA"), 101 P.L. 336, 104 Stat.
327 (July 26, 1990), *codified as amended* at 42 U.S.C. §§ 12101 *et seq* 1

**Other Authorities**

3 Moore's Manual—Federal Practice and Procedure § 25.02 .................. 4

(*) = *Principal Authorities Relied Upon*

STATEMENT REGARDING ADOPTION OF BRIEFS OF OTHER PARTIES

Plaintiff-Appellant Dietrich Battle joins in and adopts the legal arguments set forth in the Reply Brief in *Owens v. Georgia Department of Human Services*, No. 21-12571 to the extent applicable to him.

Appellant Dietrich Battle respectfully replies to the Opposition as follows:

ARGUMENT

I. **Congress Validly Abrogated State Sovereign Immunity for Retaliation Claims.**

The Opposition correctly concedes that Title V of the Americans with Disabilities Act of 1990 ("ADA"), 101 P.L. 336, 104 Stat. 327 (July 26, 1990), *codified as amended* at 42 U.S.C. §§ 12101 *et seq.*, expressly seeks to abrogate state soverign immunity. [Opp. at 17]. But it incorrectly claims that Congress was without power to do so.

As the Opposition itself notes, because it was not illegal to have discriminated against the disabled prior to the ADA, Congress could not have compiled a record of instances where states had terminated employees who had filed disability-discrimination lawsuits. [Opp. at 24]. *See also* 42 U.S.C. § 1201(a)(4) ("[I]ndividuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination[.]"). Thankfully, "the law never requires an idle thing to be done." *Ins. Co. v. Dutcher*, 95 U.S. 269, 272 (1877). What Congress

could and did find was that states had systematically made courthouses "inaccessible to and unusable by persons with disabilities." *Tennessee v. Lane*, 541 U.S. 509, 527 (2004). That congressional finding made it "clear beyond peradventure that...access to public facilities was an appropriate subject for prophylactic legislation." *Id.* at 529.

Contrary to the Opposition's claim that access to judicial services is not at issue here, as was at issue in *Lane*, [Opp. at 22], this case rests upon the same logic as in *Lane*. There, Congress was allowed to abrogate sovereign immunity for claims of physical inaccessibility of courthouses. This case involves practical inaccessibility of those same spaces. A disabled person's Title II right to reach the courthouse door would be a hollow one indeed if the state could simply fire the plaintiff for having done so.

Insofar as the Opposition suggests that the First Amendment does not protect an employee who files a lawsuit for discrimination against the employer, [Opp. at 24-25], the Opposition is incorrect. That speech, although work related, is not made "pursuant" to the employee's job duties and thus retains constitutional protection; a complaint is the employee's speech, not that of the employer. *See, e.g., Anderson v. Valdez*, 845 F.3d 580, 586 (5th Cir. 2016) (holding that First Amendment protected law

clerk's report of potential judicial malfeasance to disciplinary authorities). Indeed, the fact that Title V itself prohibits independently unconstitutional conduct makes it all the more appropriate that Congress chose to abrogate sovereign immunity in the limited context of ADA retaliation claims. *See United States v. Georgia*, 546 U.S. 151, 157-58 (2006) (holding that claims under ADA Title II for conduct that itself violates the Constitution are not barred by sovereign immunity and explaining that "no one doubts that § 5 grants Congress the power to enforce the provisions of the Amendment by creating private remedies against the States for *actual* violations of those provisions" (emphasis and alterations omitted)).

While the Opposition is correct that Title V casts a wide net, [Opp. at 28], this Court need not address Title V's outer limits. This case concerns alleged retaliation for having complained of his own disability discrimination. This Court can save for another day the question of whether sovereign immunity applies when an individual has merely complained about discrimination against another employee. *See Lane*, 541 U.S. at 532 n.20 ("Because this case implicates the right of access to the courts, we need not consider whether Title II's duty to accommodate exceeds

what the Constitution requires in the class of cases that implicate only *Cleburne's* prohibition on irrational discrimination."

## II. If the Eleventh Amendment Applies, the Dismissal of the Federal Claim Must Be Only "Without Prejudice."

No dispute that a court without jurisdiction, including on Eleventh Amendment grounds, cannot render a merits decision; therefore, a dismissal can only be without prejudice. *Compare* [Open. Br. at 16], *with* [Opp. at 32-33].

The Opposition makes the surprising claim that the record shows a "silence" below about whether the dismissal was or was without prejudice. [Opp. at 32]. There was nothing silent about the written judgment, which was "in favor of Defendant." [Dkt. 57]. Entering a judgment "in favor" of a party—rather in favor of neither party—purports to be a merits judgment. *See, e.g.*, 3 Moore's Manual—Federal Practice and Procedure § 25.02 ("At a minimum, a judgment must be a self-contained document stating who has won and whether any relief has been awarded.").

Even if the district court had truly been silent about its intent in the written judgment, silence does not pass muster for dismissals for want of jurisdiction in this Circuit. *See Stalley v. Orlando Reg'l Healthcare Sys.*,

524 F.3d 1229, 1234-35 (11th Cir. 2008) ("[Because] the district court lacked subject matter jurisdiction over the complaint, and it had no power to render a judgment on the merits. Consequently, the district court should have dismissed the complaint without prejudice, and we remand in part so that the district court can reenter its dismissal order without prejudice." (citation omitted)). The out-of-Circuit cases that the Opposition cites, purportedly allowing construing a silent judgment as one without prejudice to the merits, are thus inapposite.

### III. If the Eleventh Amendment Applies, the Dismissal of the State Claims Must Also Be "Without Prejudice."

As with Issue Two, no dispute also exists that without a federal jurisdictional hook, no supplemental jurisdiction could have existed over the state-law claims. *Compare* [Open Br. at 18], *with* [Opp. at 34 n.4].

The Opposition concedes that the district court may have overstepped its jurisdictional bounds initially, when it reached the merits of the state-law claims. [Opp. at 34-35 n.4]. But it says that, in the end, no error occurred because the district court ultimately dismissed the entire case. *See* [*id.*]. Yet nothing that the district court ever did or said indicated that it was vacating its prior merits rulings. That makes it error. *See Dimaio v.*

*Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("The district court was without jurisdiction to consider the more interesting and substantive questions presented by the case. Therefore, we VACATE the district court's alternative holdings which purport to reach the merits of DiMaio's complaint, and REMAND with instructions that the district court reenter its judgment accordingly.").

## CONCLUSION

This Court should vacate the judgment below and remand for further proceedings. Alternatively, this Court should vacate the judgment with instructions to dismiss without prejudice all federal claims barred under the 11th Amendment. If all federal claims are barred, then the Court should instruct the district court to dismiss the state-law claims without prejudice for lack of jurisdiction.

Dated this 18th day of January, 2023.

Respectfully submitted,

DETRICH BATTLE

s/Howard W. Anderson III
Howard W. Anderson III

s/John-Paul Baum
John-Paul Baum

TRULUCK THOMASON, LLC
3 BOYCE AVE.
Greenville, SC 29601
T 864-331-1751
F 864-243-8115
howard@truluckthomason.com
johnpaul@truluckthomason.com

## Certificate of Compliance with Rule 32

I hereby certify that this brief complies with the typeface requirement of Fed. R. App. Pro. 32(a)(5) because it was composed using MS Word's proportionally spaced Century Schoolbook typeface, with 14-point font.

I also certify that the brief complies with the type-volume limitation of Fed. R. App. Pro. 32(a)(7)(B) because it contains 1103 words.

s/John-Paul Baum<br>John-Paul Baum

## Certificate of Service

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/John-Paul Baum<br>John-Paul Baum